JOHN L. BURRIS ESQ., SBN 69888
BENJAMIN NISENBAUM, ESQ., SBN 222173
JAMES COOK, ESQ., SBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@hotmail.com
james.cook@johnburrislaw.com

Attorneys for Plaintiff
JANET JIMENEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET JIMENEZ, individually and as successor-in-interest to Decedent JAIME JIMENEZ,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF NAPA, a municipal corporation; JOHN CORRIGAN, individually and in his capacity as a Sergeant for the Napa Police Department; THOMAS KEENER, individually and in his capacity as an officer for the Napa Police Department; ADAM DAVIS, individually and in his capacity as an officer for the Napa Police Department; CURTIS MADRIGAL, individually and in his capacity as an officer for the Napa Police Department and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.:<br><br><u>COMPLAINT FOR DAMAGES</u><br>(42 U.S.C §§ 1983, 1988; and pendent tort claims)<br><br>**<u>JURY TRIAL DEMANDED</u>** |

## INTRODUCTION

1. On March 13, 2015, Decedent Jaime Jimenez was unjustifiably shot to death by Officer Thomas Keener of the Napa Police Department while he was lying defenseless on the ground after a motorcycle accident.

2. This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating the Fourth and Fourteenth Amendment under the United States Constitution and state law in connection with the death of Decedent Jaime Jimenez, who died as a result of the unlawful use of force by the Napa Police Department.

3. This action seeks to recover damages for the violation of rights personal to Decedent and the rights of his surviving successor-in-interest.

## JURISDICTION

4. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343 and 42 U.S.C. Section 12188(a). This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. Section 1367.

## PARTIES

5. Decedent JAMES "JAIME" JIMENEZ (hereinafter "Decedent") was an individual residing in the State of California. Decedent was unmarried at the time of his death and died intestate.

6. Plaintiff JANET JIMENEZ (hereinafter "Plaintiff") is and was at all times herein mentioned the mother of Decedent and is the successor-in-interest to Decedent.

7. Defendant CITY OF NAPA (hereinafter "City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Napa Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of John Corrigan, Thomas Keener, Adam Davis, Curtis Madrigal, and DOES Defendants, individually and as a peace officers.

8. Defendant JOHN CORRIGAN (hereinafter "Defendant Corrigan"), was a Sergeant for the Napa Police Department, and is sued individually and in his official capacity.

9. Defendant THOMAS KEENER (hereinafter "Defendant Keener"), was an Officer for the Napa Police Department, and is sued individually and in his official capacity.

10. Defendant ADAM DAVIS (hereinafter "Defendant Davis"), was an Officer for the Napa Police Department, and is sued individually and in his official capacity.

11. Defendant CURTIS MADRIGAL (hereinafter "Defendant Madrigal"), was an Officer for the Napa Police Department, and is sued individually and in his official capacity.

12. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

13. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff filed a claim against the City of Napa on September 11, 2015. The City of Napa has failed to render a decision on Plaintiff's claim. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

## FACTUAL ALLEGATIONS

14. On March 13, 2015, Decedent was driving his dirt bike near the intersection of Spring Street and Hill Street, located in Napa, California.

15. As Decedent approached the intersection of Spring Street and Hill Street, Defendants Corrigan, Madrigal, Davis, and Keener drove directly towards him in their police cruisers. Decedent then turned around on his dirt bike and crashed in the middle of the street. Decedent fell to the ground and remained motionless. Defendant Keener then approached Decedent. Without legal justification, Defendant Keener shot Decedent multiple times, striking him on the right side of his neck, right arm, and on the right side of his chest. Decedent died as a result of his injuries.

16. Plaintiff alleges that each Defendant was reasonably on notice that Decedent posed no threat of harm to anyone at the time that he was shot to death. Plaintiff further alleges that a reasonable officer in Defendant Keener's position would have clearly been on notice that Decedent did not pose a threat of harm to anyone at the time that he was shot while laying on the ground after a motorcycle accident.

17. The actions and omissions of City and the Defendant Napa Police Department Officers were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of City and/or other jurisdictions. City was also responsible for Plaintiff's injuries through its own acts and omissions, negligent and otherwise, by failing to properly and adequately investigate, train, supervise, monitor, instruct, and discipline its law enforcement officers and/or employees and agents, including the officers and officials described herein.

18. Plaintiff alleges that Decedent's death was the result of excessive force used by Defendants.

19. Plaintiff further alleges that Decedent's death was the proximate result of Defendant City's failure to reasonably train their law enforcement officers in the proper and reasonable use of force and the making of investigations. Plaintiff further alleges that these substantial failures reflect Defendant City's policies implicitly ratifying and/or authorizing the use of excessive force by its police officers and the failure to reasonably train police officers employed by Defendant City in the making of investigations.

20. The killing of Decedent described herein was brutal, malicious, and done without just provocation or cause, proximately causing Plaintiffs' injuries and resulting damages.

## DAMAGES

21. Plaintiff was physically, mentally, emotionally and financially injured and damaged as a proximate result of Decedent's wrongful death, including, but not limited to, the loss of Decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support.

In addition to these damages, Plaintiff is entitled to recover for the reasonable value of funeral and burial expenses, pursuant to C.C.P. Sections 377.60 and 377.61.

22. Plaintiff is entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

23. Pursuant to C.C.P. Sections 377.30, 377.32, and 377.34, Plaintiff is further entitled to recover for damages incurred by decedent for deprivation without due process of Decedent's right to life, and to any penalties or punitive damages to which decedent would have been entitled to recover, had he lived. For Plaintiff's Federal claims only, these damages include damages also incurred by decedent consisting of pain, suffering, and disfigurement prior to decedent's death.

24. As a further direct and proximate result of the negligence, excessive force and deliberate indifference of defendants, and each of them, Plaintiff has been deprived of Decedent's financial support.

25. The conduct of the individual defendants was malicious, wanton, and oppressive. Plaintiff, as Decedent's successor-in-interest, is therefore entitled to an award of punitive damages against said individual defendants.

26. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights, and the rights of decedent, under the law. Plaintiff is therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988, and California Civil Code sections 52 and 52.1.

## FIRST CAUSE OF ACTION

**(Violation of the Fourth Amendment of the United States Constitution)**
**(42 U.S.C. § 1983- Survival Action)**
**(Against Defendants Corrigan, Keener, Davis, Madrigal, and DOES 1-25)**

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 of this Complaint.

28. Defendants' above-described conduct constituted violations of Decedent's rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**<u>SECOND CAUSE OF ACTION</u>**
**(Violations of Plaintiff's 14th Amendment Rights/ Right to Familial Relationship)**
**(42 U.S.C. § 1983)**
**(Against Defendants Corrigan, Keener, Davis, Madrigal, and DOES 1-25)**

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 of this Complaint.

30. Defendants' conduct constituted acts under color of state law, and without due process of law, which deprived Plaintiff of her right to a familial relationship. Defendants deprived Plaintiff of these rights by use of unreasonable, unjustified and deadly use of force, causing injuries, which resulted in Decedent's death.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**<u>THIRD CAUSE OF ACTION</u>**
**(*Monell* - 42 U.S.C. § 1983)**
**(Against Defendants City and DOES 26-50)**

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 of this Complaint.

32. Plaintiff is informed and believes and thereon alleges that high-ranking City officials, including high-ranking police supervisors such as DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about systemic, unwarranted uses of force by DOES 1-25, and/or the Napa Police Department.

33. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said police officers.

34. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants Corrigan, Keener, Davis, Madrigal, and DOES 1-25 and/or each of them, the City of Napa Police Department encouraged these officers to continue their course of misconduct and ignored these officers' lack of training, resulting in the violation of the Plaintiff's rights as alleged herein.

35. Plaintiff further alleges that Defendant DOES 26-50, and/or each of them, were on notice of the Constitutional defects in their training of City police officers, including, but not limited to unlawful arrests and detentions not based on probable cause.

36. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City officials, including high ranking City Police Department supervisors DOES 26-50, Defendants Corrigan, Keener, Davis, Madrigal and DOES 1-25, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution, the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
**(Wrongful Death - Negligence)**
**(C.C.P. §§ 377.60 and 377.61)**
**(Against Defendants Corrigan, Keener, Davis, Madrigal, and DOES 1-25)**

37. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

38. Defendant City, by and through its agents and employees, the involved Defendant Officers' negligent actions and/or negligent failure to act, as set forth herein-above proximately caused the death of Decedent.

39. As an actual and proximate result of said defendants' negligence, and the death of Decedent, Plaintiff has sustained pecuniary loss resulting from the loss of comfort, society, consortium, attention, services, and support of her husband, decedent, in an amount according to proof at trial.

40. As a further actual and proximate result of said defendant's negligence, Plaintiff has incurred funeral and burial expenses, in an amount according to proof at trial.

41. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff has brought this action, and claims damages from said defendants for the wrongful death of decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Violation of CALIFORNIA CIVIL CODE §52.1)**
**(Against Defendants Corrigan, Keener, Davis, Madrigal, and DOES 1-25)**

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 of this Complaint.

43. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**JURY DEMAND**

44. Plaintiff hereby demands a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages according to proof;
2. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants DOES 1 through 50 and/or each of them;
3. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;
4. For cost of suit herein incurred; and

///

5. For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

Dated: March 13, 2017

__/s/ John L. Burris__________
John L. Burris, Esq.,
Attorney for Plaintiff

Dated: March 13, 2017

__/s/ Ben Nisenbaum__________
Ben Nisenbaum, Esq.,
Attorney for Plaintiff

Dated: March 13, 2017

__/s/ James A. Cook__________
James A. Cook, Esq.
Attorney for Plaintiff