UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET JIMENEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF NAPA, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-01352-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Docket No. 6 |

## I. INTRODUCTION

On March 13, 2015, Decedent Jaime Jimenez was shot to death by Officer Thomas Keener of the Napa Police Department while he was allegedly lying defenseless on the ground after a motorcycle accident. The shooting happened in the presence of Defendants John Corrigan, Thomas Keener, Adam Davis, and Curtis Madrigal. On March 13, 2017, Plaintiff Janet Jimenez, individually and as successor-in-interest to Decedent, brought this civil rights and wrongful death action against Defendants City of Napa, Corrigan, Keener, Davis, and Madrigal for violating the Fourth and Fourteenth Amendments and state law in connection with the death of Decedent.

Pending before the Court is Defendants' motion to dismiss all five causes of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docket No. 6. The Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss but with leave to amend.

A.  Plaintiff's Statement of Facts

According to the complaint, on March 13, 2015, Decedent Jaime Jimenez was riding his dirt bike near the intersection of Spring Street and Hill Street, located in Napa, California. Docket No. 1 at ¶ 14. As Decedent approached the intersection, Defendants John Corrigan, Curtis Madrigal, Adam Davis, and Thomas Keener drove directly towards him in their police cruisers.

1  *Id.* at ¶ 15. Decedent then turned around on his dirt bike and crashed in the middle of the street.
2  *Id.* Decedent fell to the ground and remained motionless. *Id.* Defendant Keener then approached
3  Decedent, *id.*, as Defendant Corrigan, Madrigal, and Davis provided backup and assistance,
4  Docket No. 13 at 2. Without legal justification, Defendant Keener shot Decedent multiple times,
5  striking him on the right side of his neck, right arm, and on the right side of his chest. Docket No.
6  1 at ¶ 15. Defendants Corrigan, Madrigal, and Davis failed to intervene as Defendant Keener
7  unconstitutionally shot Decedent to death while Decedent was in their custody. Docket No. 13 at
8  2.

Plaintiff alleges the killing of Decedent was brutal, malicious, and done without just provocation. Docket No. 1 at ¶ 20. Defendants were on notice that Decedent posed no threat of harm to anyone at the time that he was shot to death. *Id.* at ¶ 16. Further, Defendants Corrigan, Madrigal, and Davis were in a position to prevent Defendant Keener from shooting and killing Decedent. Docket No. 13 at 2.

## II. DISCUSSION

### A. Legal Standard for Rule 12(b)(6) Motions

Under FRCP Rule 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

At issue in a 12(b)(6) analysis is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims" advanced in his or her complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). While "a complaint need not contain

2

detailed factual allegations," "it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Cousins*, 568 F.3d at 1067 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id.*

In ruling on a motion to dismiss, a court may look to documents whose contents are specifically alleged as part of a complaint, even though the plaintiff did not append them to the complaint. Although generally "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion," "material which is properly submitted as part of the complaint may be considered" on such a motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). A "document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citing *Townsend v. Columbia Operations*, 667 F.2d 844, 848-49 (9th Cir. 1982)). "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Id.* at 454.

B.   First Cause of Action

Plaintiff brought a survival action under 42 U.S.C. §1983 for violation of the Fourth Amendment against Defendants Corrigan, Keener, Davis, and Madrigal. Docket No. 1 at ¶¶ 27-18.

Defendant argues that Plaintiff's first cause of action is "unsupported by facts to state a claim against each of the defendants" for two reasons. Docket No. 6 at 4. First, Defendant argues that the complaint "fails to state facts showing that plaintiff is authorized to prosecute a survival action on decedent's behalf." *Id.* Second, Defendant argues that the first cause of action should also be dismissed "because it asserts excessive force claims against all defendants," and "yet the

3

complaint alleges only that Keener shot decedent"; "there are no facts showing any use of force by Corrigan, Davis or Madrigal, or any basis to impose liability on them for the alleged use of force by Keene." *Id.* at 5. The Court agrees with Defendant on both points and thus dismisses the first cause of action but with leave to amend the complaint.

First, Plaintiff concedes on Defendant's first point. Section 277.32 of the California Code of Civil Procedure requires that a person seeking to commence an action as a decedent's successor-in-interest "shall execute and file an affidavit or a declaration under penalty of perjury." Plaintiff concedes in her opposition brief that "Defendants correctly point out that Plaintiff has not yet filed a declaration in conformance with Cal. Code Civ. Proc. § 377.32. Accordingly, Plaintiff will file a duly executed Successor-in-Interest Declaration in conformance with Cal. Code Civ. Proc. § 377.32 after the hearing on Defendants motion." Docket No. 13 at 1. Thus, the Court dismisses the first cause of action but grants Plaintiff the opportunity to file a declaration.

Second, Defendants are correct that "the complaint alleges only that Keener shot decedent" and "there are no facts showing any use of force by Corrigan, Davis or Madrigal, or any basis to impose liability on them for the alleged use of force by Keene." Docket No. 6 at 5. However, officers who are "integral participants" in a constitutional violation can be held liable under Section 1983, even if they did not directly engage in the unconstitutional conduct themselves. *Boyd v. Benton County*, 374 F.3d 773, 781 (9th Cir. 2004). Officers are not integral participants simply by the virtue of being present at the scene of an alleged unlawful act. *Jones v. Williams*, 297 F.3d 930, 936 (9th Cir. 2002). Instead, integral participation requires some *fundamental involvement* in the conduct that allegedly caused the violation. *See id.*

Fundamental involvement requires some affirmative support at the scene of the alleged violation, knowledge or reason to know of the plan to commit the alleged violation, and failure to object. The Ninth Circuit found in *Boyd v. Benton County*, 374 F.3d 773 (9th Cir. 2004), that each of the officers involved in the search in that particular case was an "integral participant" that could be liable for excessive force in connection with a flash-bang used during the execution of the search warrant because

4

> First, . . . the officers stood armed behind [the officer who used force] while he reached into the doorway and deployed the flash-bang. Second, the use of the flash-bang was part of the search operation in which every officer participated in some meaningful way. Third, every officer was aware of the decision to use the flash-bang, did not object to it, and participated in the search operation knowing the flash-bang was to be deployed.

*Boyd*, 374 F.3d at 780. Subsequently, the Central District of California interpreted *Boyd* as holding that "[o]fficers are fundamentally involved in the alleged violation when they provide some affirmative physical support at the scene of the alleged violation and when they are aware of the plan to commit the alleged violation or have reason to know of such a plan, but do not object." *Monteilh v. Cty. of Los Angeles*, 820 F. Supp. 2d 1081, 1089 (C.D. Cal. 2011).

Failing to satisfy the standards laid out in *Boyd* and *Monteilh*, the complaint only alleges that Defendants Corrigan, Madrigal, and Davis "drove directly towards . . . [Decedent] in their police cruisers." Docket No. 1 at ¶ 15. This allegation fails to sufficiently plead the elements of fundamental involvement necessary to hold these three Defendants liable under this claim. Thus, the Court dismisses the first cause of action but with leave to amend so that Defendants are given the opportunity to support their integral participants theory.

C.  <u>Second Cause of Action</u>

Plaintiff's second cause of action under 42 U.S.C. §1983 alleges against Defendants Corrigan, Keener, Davis, and Madrigal violations of her Fourteenth Amendment right to Decedent's familial relationship. Docket No. 1 at ¶¶ 29-30. Defendants argue that the complaint fails to state a claim because "it fails to meet the heightened 'conscience shocking' standard necessary to state a claim under the Fourteenth Amendment against Corrigan, Davis or Madrigal." Docket No. 6 at 7.

Defendants are correct that "the substantive component of the Due Process Clause is violated by executive action only when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998). However, Defendants have mischaracterized what sort of official action rises to the conscience-shocking level. Defendants wrote in their motion brief that "'conduct **intended to injure in some way unjustifiable by any government interest** is the sort of official action most likely to rise to

5

the conscience-shocking level'" and that "[w]hen unforeseen circumstances demand an officer's instant judgment, '**only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience necessary for a due process violation**.'" Docket No. 6 at 7-8 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847, 849, 836 (1998)) (emphasis in the original). In short, Defendants argue that conscience shocking can only be reached by conduct *intended to injure*.

However, the Supreme Court has not so held. In *Lewis*, the Court stated:

> Whether the point of the conscience shocking is reached when injuries are produced with culpability falling within the middle range, following from something more than negligence but "less than intentional conduct, such as recklessness or 'gross negligence,'" *id.* at 334, n.3, 106 S.Ct., at 666, n.3, is a matter for closer calls. To be sure, we have expressly recognized the possibility that some official acts in this range may be actionable under the Fourteenth Amendment, *ibid.*, and our cases have compelled recognition that such conduct is egregious enough to state a substantive due process claim in at least one instance.

*Lewis*, 532 U.S. at 849.

Nonetheless, the complaint fails to sufficiently plead why the conduct of Defendants Corrigan, Madrigal, and Davis shocks the conscience, particularly in light of the discussion regarding the first cause of action. Thus, the Court dismisses the second cause of action but with leave to amend so that Defendants can sufficiently plead that Defendants' conduct, despite unintentional, shocks the conscience.

D.  Third Cause of Action

Plaintiff's third cause of action is a *Monell* claim under 42 U.S.C. § 1983 against Defendant City of Napa. Docket No. 1 at ¶¶ 31-36. Defendant argues that the third cause of action is unsupported by facts because "[t]he Complaint fails to show a city pattern, policy or custom" and "merely concludes that officers acted 'pursuant to unconstitutional customs, policies and procedures of City and/or other jurisdictions.'" Docket No. 6 at 9 (quoting Docket No. 1 at ¶ 17).

To allege a § 1983 claim against a city, a plaintiff must allege facts showing that the City had a custom or policy that caused the plaintiff's constitutional injury. *Monell v. Dep't of Soc.*

*Servs.*, 436 U.S. 658, 694 (1978). Plaintiffs must show a sufficient causal connection between the enforcement of the municipal policy or practice and the violation of their federally protected right. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Connick v. Thompson*, 563 U.S. 51, 60 (2011).

Plaintiff concedes on Defendants' point as follows:

> Given the case's pre-discovery posture coupled with Defendants exclusive possession of officer disciplinary files and other related documents, it is no surprise that Plaintiff lacks elaborate details that support her failure to discipline and inadequate training claims. Plaintiff concedes that her Complaint can further establish facts to support a plausible claim that City's customs and policies were the moving force behind Plaintiff's and Decedent's constitutional violations.

Docket No. 13 at 6.

At the hearing, the Court alluded to the "chicken or egg" problem that often occurs in this context. The Court noted its practice to allow the plaintiff to make a *prima facie*-type showing which would then permit some limited discovery prior to full adjudication of a 12(b)(6) motion. No such threshold showing has been alleged here. Thus, the Court dismisses the third cause of action but grants leave to amend the complaint as requested by Plaintiff. The Court orders the parties to meet and confer about the City's customs and policies, given the pre-discovery posture of this case. Should there be some indication of the City's customs and policies that gave rise to this cause of action, Plaintiff should allege the basis of a *prima facie* showing which would open the door to narrow, focused discovery on *Monell* prior to adjudication of a Rule 12(b)(6) motion.

E.  Fourth Cause of Action

Plaintiff's fourth cause of action is a wrongful death-negligence claim against Defendants Corrigan, Keener, Davis, and Madrigal. Docket No. 1 at ¶¶ 37-41. Defendants argue that the fourth cause of action is unsupported against Corrigan, Davis, and Madrigal. Specifically, Defendants argue that Corrigan, Davis, and Madrigal are not responsible for Defendant Keener's conduct because it is well settled that "the police have no legal duty to control the conduct of others." Docket No. 6 at 12 (quoting *Adams v. City of Fremont*, 68 Cal.App.4th 243, 277 (1998)). According to Defendants, the complaint "alleges only that Corrigan, Davis and Madrigal drove directly towards Decedent in their police cruisers (Complaint ¶ 15.). No facts are alleged showing

7

the officers had any duty *not* to drive towards decedent, or that they breached any duty to him by driving towards him." Docket No. 6 at 12.

It is true, as Defendants claim, that it is well settled that the police have no legal duty to control the conduct of others. However, there is a special relationship exception to this general rule, although such exception has been found in a few narrow circumstances. *Adams v. City of Fremont*, 68 Cal. App. 4th 243, 277, 80 Cal. Rptr. 2d 196 (1998), *as modified on denial of reh'g* (Jan. 4, 1999).

However, as discussed at the hearing, the complaint fails to sufficiently plead the existence of a special relationship which could require Defendants Corrigan, Davis, and Madrigal to control Defendant Keener's shooting. Thus, the Court dismisses the fourth cause of action with leave to amend.

F. <u>Fifth Cause of Action</u>

Plaintiff brought her fifth cause of action for violation of California Civil Code § 52.1. Docket No. 1 at ¶¶ 42-43. Defendants argue that the fifth cause of action is unsupported by facts for two reasons.

First, Defendants argue that "[s]ection 52.1 proscribes interference or attempted interference by any person or persons by threats, intimidation or coercion with rights secured by the Constitution or laws of the United States" and yet "[a]llegations that Corrigan, Davis and Madrigal drove police vehicles directly towards decedent fail to show a violation of his constitutional rights, or any injury caused by them, as a result of their use of violence, threats, coercion or intimidation." Docket No. 6 at 12-13. Plaintiff seems to concede, and the Court agrees, on this point by failing to address it in her opposition brief.

Second, Defendants argue that the complaint also fails to state a section 52.1 claim against all Defendants, including Defendant Keener, because it fails to "allege facts that show threats, intimidation or coercion *independent* from that inherent in an alleged wrongful seizure," citing *Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th 947, 961, 137 Cal. Rptr. 3d 839 (Cal. Ct. App. 2012), *reh'g den'd* (Mar. 13, 2012), *rev. den'd* (May 9, 2012). Docket No. 6 at 13 (emphasis in the original).

With respect to Defendant Keener, the Court finds that the complaint sufficiently pleads threat, intimidation, or coercion independent from that inherent in Defendants' seizure of Decedent because Keener allegedly shot Decedent while he was already down and surrounded. Moreover, *Shoyoye* may not even apply to Keener's conduct. This Court has recently held that *Shoyoye* applies only when the conduct is unintentional:

> [T]his Court agrees with other courts holding that, at the pleading stage, the relevant distinction for purposes of the Bane Act is between intentional and unintentional conduct, and that *Shoyoye* applies only when the conduct is unintentional. *See, e.g.*, *Bass v. City of Fremont*, 2013 WL 891090 (N.D. Cal. Mar.8, 2013).

*M.H. v. Cnty. of Alameda*, 2013 WL 1701591 (N.D. Cal. Apr.18, 2013). Here, the complaint alleges several times that Defendant Keener's conduct was "deliberate." Docket No. 1 at ¶¶ 24, 34, 36.

With respect to remaining Defendants, the Court dismisses the fifth cause of action with leave to amend for the reasons stated above – they did not engage in intimidation or coercion beyond that necessary to seize the decedent.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss with leave to amend. Specifically, the Court

1. dismisses the first cause of action with leave to amend against Corrigan, Keener, Davis, and Madrigal and grants Plaintiff the opportunity to file a declaration;
2. dismisses the second cause of action with leave to amend against Corrigan, Davis, and Madrigal;
3. dismisses the third cause of action with leave to amend against City of Napa, and orders the parties to meet and confer immediately about the City of Napa's customs and policies and documents thereof;
4. dismisses the fourth cause of action with leave to amend against Corrigan, Davis, and Madrigal; and
5. dismisses the fifth cause of action with leave to amend against Corrigan, Davis, and Madrigal but not against Keener.

9

The amended complaint shall be filed within thirty (30) days from the date of this order.

This order disposes of Docket No. 6.

**IT IS SO ORDERED**.

Dated: June 16, 2017

_____
EDWARD M. CHEN
United States District Judge